By the Court.
The statute {Harr. Comp. 6.) requires that the party, demanding the appeal shall file an affidavit, made by him &o. If therefore John Tomlin jun. who made the affidavit, was really the party appealing, it was sufficient. If he had been sued by a wrong name, and instead of putting in the dilatory plea of a misnomer, chose more honestly, to go to trial upon the merits, it is no reason, why in subsequent proceedings, he must not only call himself by the wrong name, but actually write it wrong. There Was no pretence that the affidavit had not in fact . been made by the appellant, who was the defendant below. If there had been, it was competent for him to shew that he was the same identical person.
The second objection is no better. Instead of saying, as in the statute, “ that the said appeal is not intended for the purpose of delay; and that he verily believes &c.” the affidavit is “ that the said appeal is not brought for the purpose of delay; but that &c.” This is hypercritical indeed. If the appeal was not brought for delay, it could not be intended for that object; and when he says, ‘ but;’ he verily believes he has a just and legal defence, he as distinctly affirms that belief, as if he had said “ and” that he verily believes &c.

Let a mandamus issue.

Cited in Hamilton v. Peacock, 3 Harr. 436.